# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-00078-CG-MU |
| MOBILE HOUSING BOARD, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (*see* Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (*see* Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to state a claim against the Mobile Housing Board, *see id*.[1]

---

[1] Because Diamond has not stated a claim against the Defendant, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (*see* Doc. 2).

## BRIEF BACKGROUND

On February 10, 2020, the *pro se* Plaintiff filed a form complaint for violation of civil rights wherein he seeks damages in the amount of $500,000.00 based on the failure of the Mobile Housing Board to "act" on his application for housing. (*See* Doc. 1, at 2). Diamond avers that he applied for housing with the Mobile Housing Board three years ago and placed a follow-up call to check on his application a year later; however, to date, Plaintiff has not heard from the Defendant regarding his application. (*See id.*) Plaintiff names as the sole defendant the Mobile Housing Board (*id.* at 1) and has check-marked a box indicating that he is bringing suit in accordance with 42 U.S.C. § 1983 (*id.* at 5).

## DISCUSSION

Given that Diamond has specifically asserted only a § 1983 claim against the Mobile Housing Board, there is no need for this Court to liberally construe the complaint as raising any other claim. 42 U.S.C. § 1983 provides, in relevant measure, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005), citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

In this case, the undersigned finds that Plaintiff does not meet the pleading requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of the claim showing that he is entitled to relief. Fed.R.Civ.P. 8(a)(2). Diamond has not provided sufficient facts regarding the basis of his claim, including the nature of his claim, as he has not identified the constitutional right the Mobile Housing Authority is violating by not responding to his purported application for housing. *Compare Ely v. Mobile Housing Bd.,* 605 Fed.Appx. 846, 847 (11th Cir. Mar. 27, 2015) (recognizing that Section 8 of the Housing Act of 1937, as amended by the Housing and Community Development Act of 1974, "authorizes payments to **low-income** families to assist them in obtaining homes, and it also allows the federal government to contract with local public housing agencies which then make those payments directly.") (emphasis supplied) *with* 42 U.S.C. § 1437(a)(1) (generally recognizing that it is the policy of the United States to assist States and political subdivisions of States in addressing the housing issues encountered by low-income families).[2] In other words, if Diamond seeks to recover money damages from the Mobile Housing Board under §

---

[2] Diamond has indicated in other IFP motions that he has filed in this Court that he is not employed and has no other sources of income, *see, e.g., Diamond v. Mobile Police Department,* CA 19-0910-CG-MU, Doc. 2, which appears to suggest that Plaintiff would not qualify for Section 8 housing through the Mobile Housing Authority, *see Ely, supra* ("An applicant provides the Board with family and income information that the Board uses to calculate the maximum total rent or 'shopping amount,' that a landlord can receive[.] . . . Once the applicant finds an acceptable home, the Board conducts an inspection and determines the relative portions of the rent that will be paid by the Board **and the applicant.**") (emphasis supplied). In other words, it appears to the undersigned that before an applicant can be considered eligible for housing assistance, that applicant must have a source of income. And since Corey Diamond has no source of income whatsoever, it is impossible for the undersigned to perceive exactly what identifiable constitutional right he possesses with respect to housing and how exactly the Defendant has infringed this right.

1983 he must, at a minimum, plausibly explain what constitutional right (possessed by him) the Defendant, by its described actions, is violating. *See generally, Holmes, supra.*

In light of the foregoing, the undersigned recommends that the Court find that Plaintiff's complaint in this action is insufficient to survive the review required under 28 U.S.C. § 1915(e)(2)(B) and dismiss this case without prejudice prior to service of process.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff's Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The undersigned further **RECOMMENDS** that Plaintiff be extended leave to file an amended complaint, *see Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies), but be cautioned that he must supply additional information to satisfy this Court that he has a plausible claim for relief against the Mobile Housing Authority.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written

---

[3] This will require that Plaintiff identify the specific constitutional right he possesses that the Defendant has purportedly been violating in failing to "act" on his application for housing.

4

objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of March, 2020.

s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**